FILED

2025 JUN 16 PM 3:01

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN SOTO, on behalf of<br>STUDENT DOE,<br>    Plaintiff, | )<br>)<br>)<br>) | CASE NO. |
| v. | )<br>) | |
| MARY BENSON SKIPPER,<br>SUPERINTENDENT, BOSTON<br>PUBLIC SCHOOLS,<br>    Defendant | )<br>)<br>)<br>)<br>) | |

## COMPLAINT

Plaintiff, Karen Soto, on behalf of her minor child Student Doe, hereby files this Complaint against Mary Benson Skipper, Superintendent, Boston Public School, and in support thereof alleges as follows:

### INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 to vindicate the right of Plaintiff and her minor child Student Doe ("Student Doe") to access public education based on lawful residence in Boston, Massachusetts, as provided by the Fourteenth Amendment and Massachusetts General Laws c. 76, § 5.

2. Plaintiff brings this action seeking declaratory, injunctive, and monetary relief arising from the Boston Public Schools' refusal to recognize her Boston residency and permit her minor child Student Doe to attend school in the district, despite statutory and constitutional entitlements.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343(a)(3) (civil rights violations), and may enter declaratory, injunctive, and other relief under 28 U.S.C § 2201(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2). The Defendant is a resident of this District, and a substantial part of the events or omissions giving rise to this Complaint occurred within the District.

## Parties

5. This case is filed under a pseudonym to protect the identity of minor child Student Doe. The public interest is not harmed by this case being filed under a pseudonym since the material elements of the case are public, and the public would not gain any additional benefit from knowing the specific name of Student Doe. The interest of vulnerable minor child Student Doe, however, would be harmed by publication on the internet of his name for the rest of his life.

6. Plaintiff, Karen Soto, resident of the City of Boston, is the mother of minor child Student Doe. Plaintiff may be reached at ksotolegal@gmail.com or by mail at 63 Mount Vernon Street, Unit No. 1, Boston, Massachusetts 02108.

7. Defendant, Mary Benson Skipper, Superintendent of BPS. The Superintendent's office is located at 2300 Washington St, Boston, MA 02119, and her email is superintendent@bostonpublicschools.org. Danielle Seibold, on behalf of the Boston Public Schools Residency Team, has communicated by email with Plaintiff regarding this case. She may be reached at residency@bostonpublicschools.org or 617-635-932.

## Facts

8. Plaintiff shares custody of Student Doe with Student Doe's father.

9. Plaintiff has resided in Boston, Massachusetts since August 2023. She votes in Boston, works in Boston, maintains Boston-based banking, receives mail at her Boston residence, and pays local taxes there.

10. Student Doe spends most of his time in Boston since long before becoming a resident of Boston.

    a. Student Doe attends the New England Conservatory and Project STEP located in Boston, since 2018 and presently, where he spends every Saturday morning and afternoon for cello training and orchestra.

    b. Student Doe, along with Mother's family, practices religious Catholic faith at Saint Leonard of Port Maurice Parish, located in the Boston North End. Student Doe and step siblings attend religious education and Mass on Sundays, followed by basketball games with children in the community at Polcari Park, next to the Parish. Student Doe did all First Communion preparation at Saint Leonards, and made his first Holy Communion on May 5, 2024. Plaintiff and family participate in community events.

    c. Student Doe participates in both, Town Charlestown's Youth Soccer, and Soccer Surf Club, since 2023 and presently, where practices and games amount to four times a week, at Charlestown High School, Barry field and Bunker Hill Community College fields.

11. Mother and Student Doe patronize shops and restaurants in Boston, such as Maggiano's Italian restaurant, where Student Doe celebrated his First Communion; JP Licks, Beacon Hill Chocolates, and Primo Pizza Restaurant, among others.

12. On October 15, 2024, Mother registered Student Doe for the MAP Exam of December 7, 2024 (the "MAP Exam"), requirement for application for Boston Exam schools.

13. On November 4, Mother filed Student Doe's application to register for the Exam School testing, following the publicized timeline for registration (Oct.15 to Nov 8, 2024). On that same date, mother brought all documents required for residency verification as listed in BPS website. Mother also filled out all information regarding Student Doe's current

school in Winchester and openly disclosed sharing legal custody with Student Doe's father, who lives in Winchester.

14. On November 13, Mother attended an appointment at the Newcomer Assessment and Counseling Center, at 2300 Washington street, Boston, MA 02119. BPS accepted Mother's application, including all information of Student Doe's current school, McCall Middle school, public school in Winchester, MA.

15. On November 18, 2024, the BPS informed Mother that Student Doe's Exam school application was revoked, "due to violation of the residency policy based upon an investigation and information this office received disclosing your child resides in Winchester, MA ." BPS's accusations of dishonesty were baseless, as all facts regarding Student Doe's current school enrollment were fully disclosed in the application.

16. BPS did not grant a hearing to Mother as to the BLS Denial despite being allowed by (a) the Massachusetts Constitution, including Article X of the Massachusetts Constitution and (b) the United States Constitution, including the Fourteenth Amendment of the United States Constitution.

17. On November 21, 2024, Mother submitted an appeal to this decision, by providing proof of both Student Doe and Mother's residency in Boston, as their primary place where Student Doe dwells permanently, not temporarily, evidencing that Boston is the center of Student Doe's and Mother's domestic, social and civic life.

18. On November 25, 2024, Mother received Student Doe's ticket number which allows Student Doe to sit for the MAP Exam on December 7th, 2024.

19. On December 2nd, 2024, Mother received a second Revocation of Student's Doe Exam school application.

20. On December 5, 2024, Plaintiff filed in the Massachusetts Superior Court that certain *Complaint for Injunctive Relief* (the "Superior Court Complaint") against the Boston Public Schools to "honor admission of Student Doe to BPS beginning this September 2025" based on Mother's residence (as averred in Paragraph 15 of the Superior Court Complaint) irrespective of minor child Student Doe's enrolment in Winchester school of his Father's domicile (the "Injunction").

21. On December 6, 2024, Massachusetts Superior Court issued that certain Order to allow Student Doe to sit for the "MAP Exam".

22. On December 11, 2024, Massachusetts Superior Court entered that Judgment: order and adjudged "that all relief having been granted by the allowance of the Preliminary Injunction" (the "Judgment").

23. On April 9, Mother communicated with BPS to see about Student Doe's status of application to which BPS responded that Student Doe had not met eligibility criteria and was not considered for admissions. Boston Public Schools refused to process Student Doe's admission process for Exam schools, asserting Student Doe was not a Boston resident, citing his concurrent enrollment in Winchester Public Schools.

24. Plaintiff responded quoting the Judgment which granted the relief requested by the Superior Court Complaint -- the allowance of the Injunction which included honoring admission to BPS, urging their obedience or reinstate Superior Court Complaint to allow Defendant to answer the Complaint based on administrative error in not making such allowance.

25. On April 14, Plaintiff filed that certain Motion for Clarification of Judgment which included a request to confirm the Complaint (the "Motion to Confirm Complaint").

26. On May 15, 2025, the Superior Court denied Mother's Motion to Confirm Complaint, and questioned: "plaintiff failed to present sufficient evidence to me to find that…she would likely succeed on the merits of a statutory, constitutional or common law claim".

27. In accordance with Massachusetts law, a child's residence is determined by the residence of the parent with whom the child resides. Because Plaintiff resides in Boston and has custody, Student Doe is legally a resident of Boston.

28. Student Doe has consistently achieved academic excellence, excels in music and sports, and has deep roots in the Boston community. Student Doe needs the academic rigor that Boston exam school offers. Denying him this opportunity causes irreparable harm that cannot be undone. Student Doe's personal and academic growth will be stunted, as he will miss the challenge and opportunities offered in Boston Latin School, his first choice of school.

29. Plaintiff complied with residency requirements well before the stated deadline to establish residency. Moving an entire household, changing jobs, and making long-term plans in accordance with BPS's policies were substantial commitments made in good faith and in reliance on the fairness of the process.

30. BPS causing confusion and delay per their misapplication of policy unfairly penalizes Student Doe, particularly when private school students from outside Boston may apply to BPS Exam schools, but a child residing in Boston attending a public school outside of Boston is denied this same opportunity, fact noticed by the Honorable Judge Catherine Ham of the Suffolk Superior Court on December 5, 2024.

## Claim

**Count I – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment Rights (Equal Protection and Due Process)**

31. Plaintiff realleges and incorporates by reference paragraphs 1–30 as if fully set forth herein.

32. By arbitrarily and discriminatorily applying residency standards to deny enrollment, Defendants have deprived Plaintiff and Student Doe of equal protection of the laws.

33. Defendants' actions lack a rational basis and were undertaken with deliberate indifference to Plaintiff's rights and the best interests of the child.

**Count II – Violation of Massachusetts General Laws c. 76, § 5 (Right to Public Education Based on Residency)**

34. Plaintiff realleges and incorporates by reference paragraphs 1–33.

35. Under G.L. c. 76, § 5, every child has the right to attend the public school of the town where they reside.

36. Defendants' conduct directly violates this provision and constitutes arbitrary and capricious administrative action under color of state law.

37. See *DING, et al. v. PAYZANT, et al.*, Suffolk County Superior Court, Opinion of Justice Judith Fabricant in May 2004.

38. Courts recognize the constitutional right to due process in educational matters affecting a student's future opportunities. See Goss v. Lopez, 419 U.S. 565 (1975).

39. Massachusetts courts and school policies define residency based on a student's primary dwelling and the parent's domicile. See *George v. Town of Watertown Public Schools*, BSEA # 12-4296 (2012).
40. The BPS decision to revoke based on Plaintiff's truthful disclosure violates both procedural fairness and fundamental rights to education.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' denial of enrollment violated the constitutional and statutory rights of Plaintiff and minor child Student Doe;

b. Issue an injunction directing Defendants to recognize Student Doe's Boston residency and permit the immediate completion of his admission process to Boston Exam Schools.

c. Award compensatory damages in an amount to be determined at trial;

d. Grant such other relief as the Court deems just and proper.

### Affidavit and Attestation

41. By signing below, I certify under penalty of perjury that I have read this Complaint and that to the best of my knowledge, information, and belief that the facts stated therein are true and that no material facts have been omitted therefrom and that this complaint (1) is not being presented for an improper purpose, such as to cause unnecessary delay, harass or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further discovery or investigation; and (4) the Complaint otherwise complies with the requirements of U.S. Federal Civil Procedure.

42. By signing below, I attest that the information in this complaint is true and accurate to the best of my knowledge, information, and belief.

Respectfully submitted,

/s/. Karen Soto
Karen Soto
Pro Se Plaintiff
63 Mount Vernon St., Apt 1

Boston, MA 02108
ksotolegal@gmail.com
978-888-1323
Dated: June 7, 2025

**Certification of service**
I certify that this Complaint is delivered to Defendant by email at
superintendent@bostonpublicschools.org and residency@bostonpublicschools.org on June 4,
2025.

/s/. Karen Soto
Karen Soto
Pro Se Plaintiff
63 Mount Vernon St., Apt 1
Boston, MA 02108
ksotolegal@gmail.com
978-888-1323
Dated: June 7, 2025