UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAREN SOTO, on behalf of her minor child, JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARY BENSON SKIPPER,<br><br>Defendant. | Civil Action No.<br>25-11755-FDS |

### ORDER ON MOTION FOR A PRELIMINARY INJUNCTION

**SAYLOR, J.**

This case involves a dispute over a child's school enrollment. The complaint alleges that defendant Mary Benson Skipper, Superintendent of the Boston Public Schools ("BPS"), wrongfully refused to enroll plaintiff Karen Soto's minor child, John Doe, in the BPS. It alleges that Doe is a resident of Boston, although he has been attending the Winchester Public Schools. According to the complaint, Doe's other custodial parent lives in Winchester, while plaintiff Soto lives in Boston. The complaint asserts claims under 42 U.S.C. § 1983 for violation of Doe's right to equal protection of the laws and under Mass. Gen. Laws ch. 76 § 5 for violation of Doe's statutory right to enroll in the school district where he "actually resides."

Plaintiff has moved for a preliminary injunction requiring BPS to enroll Doe in the Boston Latin School. She previously filed a similar lawsuit in Superior Court. The Superior Court in that case denied a request for the same preliminary relief she seeks here, concluding that "plaintiff failed to present sufficient evidence . . . to find that . . . she would likely succeed on the

merits of a statutory, constitutional or common-law claim." (Compl. ¶ 26).

Plaintiff's motion for emergency injunctive relief in this forum will likewise be denied. The full state-court decision is not, at this stage, part of the record in this matter, nor is the entire court order concerning custody of the child. Nonetheless, plaintiff has made no showing that the state court's conclusion or analysis of her state-law claims is flawed, and this Court sees no reason on this record to conclude otherwise. And this Court does not find a likelihood of success on her § 1983 claim, which arises from the same set of facts and appears to raise no substantial federal-law issue.

Furthermore, there is no basis to believe that in the absence of emergency relief plaintiff Soto or her son will be irreparably harmed. Should she ultimately prevail on the merits, and should BPS enroll Doe for a later academic term, there is no reason to believe that his time in the Winchester Public Schools will adversely impact his educational prospects or otherwise cause him a material injury.

Finally, plaintiff has failed to establish that the balance of the equities weighs in her favor or that the public interest favors the issuance of an injunction. The BPS has a substantial interest in enforcing its residency requirements. Doe has been attending public school in Winchester, apparently for a number of years, and his other custodial parent lives in Winchester. This case implicates only his interests and education, and, for the time being, those interests appear to be adequately served by his current school enrollment, where he "has consistently achieved academic excellence." (ECF 3 at 2).

In short, plaintiff has failed to establish that she is entitled to emergency relief. *See* Fed. R. Civ. P. 65. Her motion for a preliminary injunction is accordingly DENIED.

**So Ordered.**

                                                                    /s/ F. Dennis Saylor IV
                                                                    F. Dennis Saylor IV
Dated: July 10, 2025                             United States District Court Judge