UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN SOTO, on behalf of her minor child, JOHN DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>MARY BENSON SKIPPER,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  25-11755-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON MOTION TO PROCEED UNDER A PSEUDONYM

**SAYLOR, J.**

This case involves a dispute over a child's school enrollment. The complaint alleges that defendant Mary Benson Skipper, Superintendent of the Boston Public Schools ("BPS"), wrongfully refused to enroll plaintiff Karen Soto's minor child, John Doe, in the BPS.

Plaintiff has moved under Fed. R. Civ. P. 5.2 to refer to her son in filings as "John Doe" or "Student Doe." (ECF 4). Under Rule 5.2, the "name of an individual known to be a minor" may be referenced in filings by "the minor's initials" as a matter of course. Fed. R. Civ. P. 5.2(a)(3). Plaintiff may therefore refer to her son by his initials.

However, on the present record, it appears that the privacy interests of plaintiff's son will be adequately served by using his initials, rather than the true pseudonym, "John Doe." There is a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). Their use is generally only warranted in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022). Although her son is a minor, and he is not technically a party to the suit, plaintiff here has alleged only the ordinary privacy

interests shared by all minor children implicated in civil litigation.  *See* Fed. R. Civ. P. 5.2.

Accordingly, plaintiff's motion to proceed using a pseudonym for her minor child is DENIED;  provided, however, that her minor child shall be referred to in future filings by his initial.

**So Ordered.**

|  |  |
|---|---|
|  | /s/  F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  August 4, 2025 | United States District Court Judge |